**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CLYDE PIGGIE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:08-cv-686-DFH-WTL |
| ) | |
| OFFICER GIBBS, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

**I.**

Wholly apart from the merit or lack of merit to the underlying claims, Clyde Piggie's ("Piggie") civil rights complaint is itself proof positive of what has been aptly characterized as the unremitting tension between guards and inmates. *Wolff v. McDonnell,* 418 U.S. 539, 562 (1974)("Guards and inmates co-exist in direct and intimate contact. Tension between them is unremitting. Frustration, resentment, and despair are commonplace. Relationships among the inmates are varied and complex . . . .").

**II.**

The complaint must be redone, however, on account of at least two circumstances: *First,* Piggie combines so many claims in his complaint that the violation of Rule 20 of the *Federal Rules of Civil Procedure* is palpable. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Court of Appeals explained that such a nonconforming complaint must be "rejected." "Unrelated claims against different defendants belong in different suits." *Id.* at 607. Instead, Rule 20 allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. *Second,* Piggie's complaint alludes to several prison disciplinary proceedings which have, in the aggregate, resulted in the loss of 730 days of earned good time. Based upon the extension of the rule of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (a 42 U.S.C. § 1983 claim is not cognizable when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."), in *Edwards v. Balisok*, 520 U.S. 641 (1997), a civil rights complaint asserting a due process violation in these circumstances cannot be brought unless the assertedly infirm proceeding has been vacated or set aside. Such a complaint cannot be converted into one for habeas corpus relief via judicial fiat.

### III.

Piggie shall have **through June 24, 2008,** in which to **file an amended complaint.** His amended complaint shall delete any due process claims in which, through the underlying events, he suffered the deprivation of earned good time which has not subsequently been restored. The amended complaint shall also cure the violation of Rule 18. To guide Piggie on this latter point, Piggie is advised that defendants are properly joined in a single action only if they are parties to a single transaction or occurrence common to all defendants, and the claims against them involve a common question of fact or law. "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. If this remedy causes a proliferation of lawsuits in order to accommodate the assortment of claims originally presented in this case and not subject to abandonment based on *Heck-Edwards,* and if Piggie wishes to proceed with all such claims, then it is a proliferation of lawsuits which will result.

### IV.

#### A.

Piggie's request to proceed *in forma pauperis* is **granted.**

Piggie's request for service of process by the marshal is **denied** as unnecessary and is premature. If it is determined that viable claims are asserted in this action, the court will order the clerk to issue and serve process pursuant to Rule 4(d) of the *Federal Rules of Civil Procedure*.

#### B.

In preparing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ,"; (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint shall contain a clear statement of the relief which is sought. The plaintiff shall not submit exhibits with his complaint.

If an amended complaint is filed as directed above, it will be screened as required by 28 U.S.C. § 1915 and an appropriate order will be issued. If no amended complaint is filed as directed above, final judgment consistent with the rulings in Part II of this Entry will issue without further notice to the parties.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 6/4/2008

Distribution:

Clyde Piggie
DOC #933044
PENDLETON CORRECTIONAL FACILITY
P.O. BOX 30
PENDLETON, IN 46064