**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

CLYDE PIGGIE,                          )
                                       )
                    Plaintiff,         )
v.                                     )          No. 1:08-cv-686-DFH-WTL
                                       )
OFFICER GIBBS, et al.,                 )
                                       )
                    Defendants.        )

**Entry Discussing Plaintiff's Motion for Clarification**

The plaintiff's motion for clarification (dkt 5) is **granted in part and denied in part.**
The motion is **granted** to the extent that in addition to the information provided in the Entry
of June 4, 2008, the plaintiff is notified of the following:

!      *First,* the amended complaint will be dismissed pursuant to 28 U.S.C. § 1915A
       unless it states a claim upon which relief can be granted. *Jones v. Bock,* 127 S. Ct.
       910, 921 (2007)("A complaint is subject to dismissal for failure to state a claim if the
       allegations, taken as true, show that plaintiff is not entitled to relief.").

!      *Second*, in *Bell Atl. Corp. v. Twombly,* the Supreme Court explained that a complaint
       is sufficient only to the extent that it "'contain[s] either direct or inferential allegations
       respecting all the material elements necessary to sustain recovery under some
       viable legal theory.'" 127 S. Ct. 1955, 1969 (2007)(quoting *Car Carriers, Inc. v. Ford
       Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)). This decision establish[es] "two
       easy-to-clear hurdles" for a complaint in federal court:

              First, the complaint must describe the claim in sufficient detail to give
              the defendant fair notice of what the claim is and the grounds upon
              which it rests. Second, its allegations must plausibly suggest that the
              plaintiff has a right to relief, raising that possibility above a
              "speculative level"; if they do not, the plaintiff pleads itself out of court.

       *Equal Employment Opportunity Commission v. Concentra Health Services, Inc.*, 496
       F.3d 773, 776 (7th Cir. 2007); see also *also Tamayo v. Blagojevich,* 2008 WL
       2168638, at **6-7 (7th Cir. May 27, 2008).

! *Third*, although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993); *Jefferson v. Ambroz,* 90 F.3d 1291, 1296 (7th Cir. 1996)("if a plaintiff chooses to 'plead particulars, and they show he has no claim, then he is out of luck-he has pleaded himself out of court.'") (*quoting Thomas v. Farley,* 31 F.3d 557, 558-59 (7th Cir. 1994)).

The plaintiff's motion for clarification is **denied** to the extent that through such motion the plaintiff seeks to have the court's legal advice on the viability of an actual or contemplated claim in this case, *Pliler v. Ford,* 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to pro se litigants."), or to the extent that the plaintiff seeks to have the court dictate or limit what claims are or are not asserted in the amended complaint. *Myles v. United States,* 416 F.3d 552 (7th Cir. 2005)("even pro se litigants are masters of their own complaints and may choose who to sue-or not to sue.").

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: _____6/19/2008_____

Distribution:

Clyde Piggie
DOC #933044
PENDLETON CORRECTIONAL FACILITY
P.O. BOX 30
PENDLETON, IN 46064